UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH TRENT MOSBY,

Petitioner,

v.

UNITED STATES OF AMERICA and
SENIOR JUDGE RUSSELL G. CLARK,

Respondents.

Civil No. 00-852 (MJD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

[1] Petitioner has actually filed not only a habeas corpus petition, (Docket No. 1), but also a "Complaint For Violation Of Civil Rights Under 42 U.S.C. §. 1983," (Docket No. 2), and a self-styled "Pro Se Pleading To Resolve A Federal Question Of Constitutional Law," (Docket No. 3). Although the Clerk of Court must have been confused by Plaintiff's multiple pleadings, he acted properly in designating this matter as a habeas corpus proceeding, as Petitioner obviously is challenging the validity of a federal criminal conviction -- at least indirectly. Such challenges can be raised only in habeas corpus proceedings -- not civil rights proceedings. See Heck v. Humphrey, 512 U.S. 477 (1994). It should be noted that even though this action is construed to be a § 2241 habeas corpus proceeding, all of Petitioner's other submissions -- including his § 1983 complaint, his "pro se pleading," and his voluminous appendix, (Docket No. 4) -- have been filed and are included in the record now before the Court. Furthermore, all of Plaintiff's submissions to date have been reviewed and considered by the Court.

[2] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

FILED APR 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

In 1992, Petitioner sued his employer in the U.S. District Court for the Western District of Missouri. Evidently Petitioner was very disappointed with the outcome of that litigation -- so much so, in fact, that he threatened to kill several individuals associated with that case, including the presiding federal district court judge, Senior Judge Russell G. Clark. Sometime after those threats allegedly were made, Petitioner was charged with certain federal drug law violations, and Judge Clark was the presiding judge during his federal criminal case. Petitioner ultimately was convicted of conspiracy to manufacture and distribute methamphetamine, and was sentenced to 262 months in federal prison. He is presently serving that sentence at the Federal Medical Center in Rochester, Minnesota.

Following his criminal conviction, Petitioner filed a direct appeal with the Eighth Circuit Court of Appeals. There he claimed, inter alia, that his conviction should be vacated because Judge Clark did not recuse himself from Petitioner's criminal case. Petitioner argued that Judge Clark should have recused himself, sua sponte, pursuant to 28 U.S.C. § 455(a),[3] because of Petitioner's earlier death threats against the Judge. The Court of Appeals rejected that argument, noting that "[t]here is... nothing in the record

---

notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to § 2241 proceedings. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

[3] 28 U.S.C. § 455(a) requires that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

before us that indicates that the [Judge Clark] knew of any threats on his life, if any in fact existed, so [Petitioner's] contention that the judge should have recused himself is without merit." U.S. v. Mosby, 177 F.3d 1067, 1069 (8th Cir. 1999), cert. denied, 120 S.Ct. 1260 (2000). Petitioner's other grounds for appeal also were rejected, and his conviction and sentence were fully affirmed. Id. Petitioner's subsequent request for a rehearing en banc was denied, as was his petition to the U.S. Supreme Court for a writ of certiorari. Id.

A few weeks after the Eighth Circuit's decision in the direct appeal, Petitioner filed a motion in the trial court asking Judge Clark to recuse himself from a post-conviction proceeding that Petitioner apparently was intending to bring. (Petitioner's Appendix, [Docket No. 4], pp. 22-31.) Petitioner's recusal motion cited 28 U.S.C. § 144,[4] as well as § 455(a). A few weeks after that recusal motion was filed, Petitioner filed a separate motion with the Chief Judge for the Western District of Missouri, asking that his criminal case be re-assigned to a new judge for post-conviction purposes. (Petitioner's Appendix, pp. 34-35.) Although the record does not reflect the outcome of either of those two motions, it appears that they must not have been granted, because Petitioner later applied to the Eighth Circuit for a writ of mandamus, seeking the same relief that he had twice requested in the district court – namely that Judge Clark be peremptorily removed from Petitioner's anticipated post-conviction proceedings. (Petitioner's Appendix, pp. 35-40.)

---

[4] 28 U.S.C. § 144 provides, in part, that:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

The Court of Appeals denied Petitioner mandamus request in a one-sentence order that reads as follows: "Petition for writ of mandamus has been considered by the court and is denied." (Petitioner's Appendix, p. 45.) Petitioner then filed a "Motion For Reconsideration and/or Rehearing En Banc," (Petitioner's Appendix, pp. 46-50), which also was denied by the Court of Appeals. After that, Petitioner sought relief in the U.S. Supreme Court by filing a "Petition For An Extraordinary Writ," (Petitioner's Appendix, pp. 53-65), in which he once again requested that Judge Clark be removed from his criminal case. In a letter dated January 18, 2000, Petitioner was informed that the Supreme Court had denied his petition. (Petitioner's Appendix, p. 66.)

By Petitioner's own reckoning, he has "filed over ten pleadings in four separate courts" seeking to have Judge Clark removed from his criminal case because of the Judge's alleged bias. ("Pro Se Pleading," [Docket No. 3], p. 10.) All of those efforts have been unsuccessful.

On April 5, 2000, Petitioner commenced the present action, which constitutes his latest effort to have Judge Clark removed from his criminal case. As far as the Court can discern, Petitioner's current submissions do not present any substantive challenge to his conviction or sentence. He has not offered any specific grounds for vacating his conviction or sentence, nor has he specifically requested that such relief be granted. Instead, it appears that he is presently asking the Minnesota District Court to (a) remove Judge Clark from his criminal case during all post-conviction proceedings, (b) re-assign the criminal case to a judge in this District for post-conviction proceedings, and (c) agree to entertain an application for post-conviction relief -- which Petitioner presumably intends

to file at some time in the future.

## II. DISCUSSION

The fatal flaw in Petitioner's current application for relief is that it is not directed to the proper court. 28 U.S.C. § 144 clearly contemplates that recusal requests are to be brought by motion, supported by an appropriate affidavit, in the action in which the recusal is sought. If the presiding judge declines to recuse himself or herself, that ruling – like any district court ruling – can properly be reviewed only by the appropriate Court of Appeals. See Rules Governing Section 2255 Proceedings For The United States District Courts, Rule 4(a), "Advisory Committee Notes," ("A movant is not without remedy if he feels [that having the trial judge preside over post-conviction proceedings] is unfair to him. He can file an affidavit of bias [pursuant to § 144]. And there is the right to appellate review if the trial judge refuses to grant his motion.")

In this case, of course, Petitioner has already filed a motion pursuant to § 144, asking Judge Clark to recuse himself. He has also sought relief in the Eighth Circuit Court of Appeals, and in the U.S. Supreme Court. This Court fully appreciates the fact that Petitioner has not been granted the relief he was seeking -- i.e., the removal of Judge Clark -- in any of his numerous prior proceedings. However, by seeking the very same relief in the instant proceedings, Petitioner is asking, in effect, that the Minnesota District Court review and reverse several decisions previously rendered in several other courts. Moreover, he is asking this District Court to not only overturn the decision of a co-equal district court, (i.e., the Western District of Missouri), but also to overturn the decisions of two higher courts – the Eighth Circuit Court of Appeals and the U.S. Supreme Court.

Needless to say, our District Court has no legal authority by which to grant such relief.

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

Here, Petitioner is unable to show that § 2255 does not provide an adequate or effective means of presenting whatever post-conviction claims he may have in mind. Ironically, one of the cases on which Petitioner relies most heavily, Tripati v. Henman, 843 F.2d 1160 (9th Cir.), cert. denied, 488 U.S. 982 (1988), provides some of the strongest legal authority for denying his current request for relief under 28 U.S.C. § 2241. In Tripati, as in this case, a federal prisoner sought habeas corpus relief under § 2241, rather than

§ 2255, because he believed that the trial judge in his criminal case was biased against him and would not afford him a fair hearing in a § 2255 proceeding. Like the instant petitioner, the prisoner in Tripati argued that the post-conviction remedy provided by § 2255 was "inadequate or ineffective" because of the trial judge's alleged bias, and that he should therefore be allowed to seek relief under § 2241. The Ninth Circuit rejected that argument, holding that the prisoner "has a remedy available by way of a motion for recusal or disqualification of biased judges that would make a § 2255 motion in the District [where he was tried and convicted] an effective remedy even if his allegations of bias are true and sufficient." 843 F.2d at 1163.

Here too, Petitioner must seek relief in the trial court, and, if necessary, by appealing the trial court's rulings. This District Court, like the district court in Tripati, cannot entertain a § 2241 petition, which only challenges the impartiality of a trial court judge in a criminal case that was prosecuted in another district. Such a challenge might be cognizable (a) in a § 2255 motion (filed in the trial court), or (b) in a collateral motion seeking recusal pursuant to § 144, (filed as part of a § 2255 proceeding), or (c) in an appeal to the appropriate Circuit Court of Appeals.[5] The instant § 2241 petition, however, like the petition in Tripati, must be dismissed for lack of jurisdiction. Id.

---

[5] Whether Petitioner's previous application for mandamus relief was an appropriate procedure for seeking appellate review of the recusal issue is not entirely clear. The Court of Appeals did not explain its reasons for denying Petitioner's mandamus request, so it cannot be determined whether that request was denied on the merits, or whether it was denied on procedural grounds. If the Court of Appeals' decision was based on a purely procedural flaw, then Petitioner might still be able to raise the recusal issue again if he ever files a proper post-conviction challenge, (i.e., a motion filed in the trial court seeking substantive relief pursuant to 28 U.S.C. § 2255), and he thereafter finds it necessary to appeal the trial court's decision in that matter.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 5.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 5), be DENIED;

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

(3) This action be summarily DISMISSED.

DATED: April 14, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 20, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.